# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JANNETT EHMIKA,

           Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

           Defendant.

Case No. 11-CV-41-FHM

## OPINION AND ORDER

Plaintiff, Jannett Ehmika, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*,

---

[1] Plaintiff's protectively filed September 15, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held March 17, 2009. By decision dated April 22, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 19, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

    There are two periods of time at issue. Plaintiff applied for both Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff's insured status for DIB expired on December 31, 1998. Therefore the period under review for DIB is the alleged onset date of July 1, 1998 through December 31, 1998. For SSI benefits, the period under review is from the date of Plaintiff's protectively filed application, September 15, 2006, and April 22, 2009, the date of the ALJ's decision.

26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 31 years old on the alleged date of onset of disability and 42 on the date of the ALJ's denial decision. She obtained a General Equivalency Diploma and completed a year of college. Plaintiff formerly worked as a clerical assistant. She claims to have been unable to work since July 1, 1998, as a result of degenerative disc disease of the cervical spine, chronic right shoulder strain, diabetes, an adjustment disorder with depressed mood, and obesity.

## The ALJ's Decision

The ALJ determined that Plaintiff is capable of performing a limited range of light work, including frequent but not continuous handling, fingering, and reaching with right upper extremity and some limitations in the ability to perform complex tasks, interact appropriately with co-workers and supervisors, and adapt to changes in a routine work setting. [Dkt. 10-2, pp. 16-17]. Based on the testimony of a vocational expert, the ALJ

determined that Plaintiff could return to her past relevant work in the clerical data entry area. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in finding Plaintiff can return to her past relevant work; failed to properly consider and weigh the medical source evidence; and failed to perform a proper credibility determination.

## **Analysis**

### Return to Past Relevant Work

At step four of the five step evaluative sequence the ALJ is required to inquire into the demands of Plaintiff's past relevant work, to compare those demands to Plaintiff's residual functional capacity, and to make appropriate findings. *Henrie v. U.S. Dept. of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993); Social Security Ruling 82-62. Plaintiff makes a number of assertions concerning the ALJ's conclusion that she could return to her past relevant work.

Plaintiff argues that her hand impairments were not addressed by the ALJ. They were. The ALJ limited Plaintiff's RFC to light work which contains limited lifting and carrying requirements. 20 C.F.R. §§ 404.1567(b), 416.967(b). In addition, the RFC contained a limitation of "frequent but not continuous handling, fingering, and reaching with the right upper extremity." [Dkt. 11-2, p. 16]. The vocational expert testified that with those

limitations Plaintiff could return to her past relevant work which the vocational expert identified as a "clerical entry clerk, clerical assistant; DOT 203.582-054." [Dkt. 11-2, p. 31].

Pointing to the definition of that job in the Dictionary of Occupational Titles (DOT), Plaintiff argues that she could not do the job because it requires fingering constantly, while the RFC was limited to frequent, but not continuous fingering. DOT 203.582-054, 1991 WL 671700 (GPO). The court finds no inconsistency between the RFC and the DOT definition of the job. The ALJ included an RFC limitation of frequent, but not continuous fingering. In the DOT the term frequent means an activity that exists from 1/3 to 2/3 of the time. A constant activity is one that exists 2/3 or more of the time. *Id*. Given these well-known definitions, it is apparent that by specifying frequent, but not constant fingering, the ALJ included the ability to do somewhat more than frequent fingering, but not as much as the high end of the range of constant fingering. The court's view of the RFC limitation is confirmed by the ALJ's questioning of the vocational expert which clearly indicated that the ALJ and the vocational expert were both aware of the importance of the handling, fingering, and reaching requirements. [Dkt. 11-2, pp. 32-35].

There is no merit to Plaintiff's assertion that her past relevant work as a clerical assistant did not qualify as past relevant work because she did not work at it long enough. Plaintiff testified that she worked at the job for 2 or 3 months. The vocational expert testified that the DOT lists the job as having a specific vocational preparation (SVP) of 4. An SVP of 4 requires over 3 months to learn the job. DOT; Appendix C–Components of the Definition Trailer, 1991 WL 688702. The Commissioner asserts that based on the earnings record and Plaintiff's reported pay, she performed the job for over 12 weeks, long enough to satisfy the duration requirement for an SVP of 4. Considering this income

4

calculation, the court finds that Plaintiff has not demonstrated that the clerical assistant job did not qualify as past relevant work. The court rejects the argument presented in Plaintiff's reply brief that the Commissioner's argument about her earning's record is an impermissible *post hoc* justification of the ALJ's decision. The Commissioner merely met Plaintiff's allegations by demonstrating the lack of factual underpinning for Plaintiff's argument. Furthermore, the ALJ mentioned the duration of Plaintiff's work and her earnings at the first hearing. [Dkt. 11-2, p. 68]. Clearly the ALJ considered those factors.

Plaintiff also asserts that the ALJ failed to determine the precise demands of her past relevant work, thus failing to perform part of the analysis required to support the finding that she can return to her past work. The record demonstrates that the ALJ questioned Plaintiff in some detail about her past work at both hearings. [Dkt. 11-2, pp. 26-27, 43-45]. In addition, the Work History Report contains information about Plaintiff's past work. [Dkt. 11-6, pp. 13-15, 23]. The court finds that the ALJ properly determined the demands of Plaintiff's past relevant work.

Plaintiff's argument that the ALJ misapplied the Medical Vocational Guidelines (Grids) is entirely misplaced. The ALJ did not conclusively rely on the Grids, but determined that Plaintiff could return to her past relevant work.

Plaintiff argues that the ALJ failed to include limitations related to her diabetes and obesity in the RFC. On appeal, Plaintiff has not pointed to any limitations attributable to obesity or to diabetes. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial

5

gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (10th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

Plaintiff argues that there are inconsistencies in the ALJ's decision on the basis that the RFC provides Plaintiff can "occasionally lift and/or carry 10 pounds; frequently lift and/or carry 20 pounds . . . " [Dkt. 11-2, p. 16]. The ALJ obviously transposed the two words frequently and occasionally. The court views this transposition as a scrivener's error, not a substantive one. The ALJ's intention to employ the regulatory definition of light work is evident in the decision and in the hypothetical posed to the vocational expert. In the decision the ALJ specified that light work was as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). [Dkt. 11-2, p. 16]. These regulations state light work requires the ability to frequently lift and/or carry 10 pounds and occasionally lift and/or carry 20 pounds. In the questioning of the vocational expert, the ALJ used both the term light work and correctly specified the frequency and weight of the lifting and carrying restrictions. [Dkt. 11-2, pp. 31-34].

<u>Weighing Medical Source Evidence</u>

The court finds that the ALJ did not err in failing to weigh, consider, or discuss a note contained in the record where a doctor wrote that he "encouraged [Plaintiff] to file for

disability." [Dkt. 11-7, p. 6]. That note can in no way be considered a medical opinion. *See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

The ALJ is not required to discuss every piece of evidence and every finding in the record. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)(the record must demonstrate that the ALJ considered all the evidence, but an ALJ is not required to discuss every piece of evidence). The court finds that the ALJ accurately summarized the medical evidence. The ALJ accounted for the arm weakness, shoulder tenderness, and decreased grip strength in the limitations on handling, fingering, and reaching with the right arm and by limiting Plaintiff to the performance of light work which has minimal lifting and carrying requirements.

There is no merit to Plaintiff's assertion that the ALJ misrepresented the report of the mental consultative examiner, Dr. Hickman. Dr. Hickman made comments about the possible effectiveness of future treatment on Plaintiff's impairments which the ALJ did not, and was not required to, include in the decision. Regarding Plaintiff's ability to perform work-related tasks, the ALJ accurately reported Dr. Hickman's opinion that Plaintiff "does not evidence any cognitive or social deficits that would preclude vocational functioning in simple or complex activities." [Dkt. 11-7, p. 106]. Dr. Hickman completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental). [Dkt. 11-7, p. 108-110]. The ALJ included Dr. Hickman's limitations in the RFC.

## Credibility

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial

7

evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ stated she found Plaintiff's explanations of her limitations unpersuasive. The ALJ cited several reasons, tied to the evidence, for this finding including that Plaintiff's claim of an inability to stand, walk, and sit is not consistent with her ability to walk up and down stairs and the daytime care of three year old twins. [Dkt. 11-2, p. 20]. The ALJ also noted that continued pain at the level Plaintiff claims even after taking prescription ibuprofen is not consistent with medical treatment that did not include narcotic based pain medications. *Id*. The ALJ thus properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The Commissioner's denial decision is AFFIRMED.

SO ORDERED this 28th day of March, 2012.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE